IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 8 - 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01778-OES

GEORGE E. FLORENCE,

      Plaintiff,

v.

NEWTON E. KENDIG, and
FCI-FLORENCE HEALTH SERVICES,

      Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

Plaintiff George E. Florence is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). He has filed *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, a Prisoner Complaint, a Petition for Writ of Mandamus and supporting affidavit, and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and supporting affidavit. He also has filed motions for a preliminary injunction, for attorney's fees, for this Court to disallow the United States Department of Justice attorneys from representing Defendants, and to amend the action to include additional Defendants.

The Court must construe liberally the motion for a preliminary injunction because Mr. Florence is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated

below, the motion for a preliminary injunction will be denied.

Mr. Florence alleges that on August 16, 2004, he fell on a wet and greasy tile floor while performing his assigned work duties in the FCI-Florence food service area. He contends that he received emergency medical treatment and follow-up medical care, and that he continues to suffer from chronic, lower-back injuries. In the motion for a preliminary injunction, he asks for unspecified injunctive relief, money damages, the opportunity to represent himself, and attorney's fees. Only injunctive relief is available in a motion for a preliminary injunction.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Mr. Florence fails to allege facts that demonstrate he is facing immediate and irreparable injury. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for a preliminary injunction filed by Plaintiff George E. Florence is denied. It is

FURTHER ORDERED that the motions filed on November 7, 2005, for attorney's fees and to disallow United States Department of Justice attorneys from representing Defendants are denied. It is

FURTHER ORDERED that the motion to amend the action to include additional Defendants is granted.

DATED at Denver, Colorado, this 6 day of December, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01778-OES

George E. Florence
Reg. No. 98316-131
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on __12-8-05__

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk