IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01778-REB-PAC

GEORGE E. FLORENCE,

      Plaintiff,

v.

NEWTON E. KENDIG,
R. CARLILE, and
B. GREENWOOD.

      Defendants.

---

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**O. Edward Schlatter, United States Magistrate Judge**

      This is a *pro se* prisoner civil rights case brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  On January 4, 2006, Judge Blackburn referred this action for pretrial case management and for proposed rulings on dispositive motions.  Before the Court are Defendants Robert Carlile, Marie Greenwood and Newton E. Kendig's Motion to Dismiss, filed on March 9, 2006  [doc. # 35].  The motion is fully briefed and the Court has determined that oral argument would not be of material assistance.

I.

      Plaintiff, who is incarcerated at the Federal Correctional Institution in Florence,

Colorado ("FCI Florence"), filed his amended complaint[1] on October 5, 2005.  In this action, Plaintiff alleges a single claim for violation of his Eighth Amendment rights as the result of being denied Neurontin, a prescribed medication, for his lower back pain resulting from his injury in the FCI kitchen on August 16, 2004.  Defendants in this action are Newton Kendig, Medical Director of the Bureau of Prisons ("BOP"), Robert Carlile, Pharmacist at FCI Florence, and Marie Greenwood, a FCI Florence Health Services Administrator.  Plaintiff has filed several lawsuits concerning his back injury as the result of the August 16, 2004 slip-and-fall.  *See Florence v. Decker*, et al., 2005-cv-00383-ZLW (dismissed without prejudice for failure to pay filing fee); *Florence v. Velasquez*, et al., 2005-cv-00651-OES (dismissal of *Bivens* action for failure to comply with FED.R.CIV.P. 8); *Florence v. Decker, et al.*, 2006-cv-00178-REB-PAC (pending §1983 action against Parkview Medical Center and members of its medical staff, where Plaintiff was evaluated and treated after his back injury); and *Florence v. Berrios*, et al., 2006-cv-00798-ZLW (dismissed without prejudice for failure to exhaust administrative remedies).

As stated in his Amended Complaint, on August 16, 2004, Plaintiff fell on the wet and slippery FCI kitchen floor while he was working in the food service department of the prison.  Because he was unable to get up and move his legs, he was taken by ambulance to Parkview Medical Center in Pueblo, Colorado.  On August 21, 2006, Plaintiff was discharged from the hospital and returned to FCI Florence.  Plaintiff

---

[1] On September 14, 2005, plaintiff initiated this action as a Petition for Writ of Mandamus. Plaintiff was allowed to amend his Complaint on December 8, 2005 to add Carlile and Greenwood as defendants.

continued to experience pain, and was allowed to see an outside contract specialist (*see* Nerve Conduction and Electromyographic Examination, performed by Dr. Sumant Rawat, Plaintiff's Exhibit 2 to Amended Complaint) and Dr. Thrap, the clinical director and neurologist, who examined him and recommended Neurontin for Plaintiff's suspected radiculopathy (*see* Nonformulary Drug Authorization, submitted by R. Carlile, pharmacist at FCI Florence, Plaintiff's Exhibit 3 to Amended Complaint). The request for Neurontin, a non-formulary medication, was denied and Plaintiff continued to receive Amitryptyline, a formulary medication which the BOP substituted for Nerontin.

## II.

Plaintiff appears to have failed to exhaust his claim through the BOP grievance system. Pursuant to 42 U.S.C. §1997e(a)(Supp. 2006), "[n]o action shall be brought with respect to prison conditions under...any...Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are unexhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, *see Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff is a prisoner confined in a correctional facility. The claim he is asserting relates to prison conditions. Therefore, Plaintiff must exhaust the available administrative remedies. To properly exhaust administrative remedies, a prisoner must

3

"complete the administrative review process in accordance with the applicable procedural rules," *Woodfod v. Ngo*, 548 U.S.---,---, (2006)(slip op., at 5). The "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act, "PLRA"], and that inmates are not required to specifically plead or demonstrate exhaustion in their complaint." *Jones v. Bock*, ---Sct.---, 2007 WL 135890 (U.S.). "Compliance with prison grievance procedures, therefore is all that is required by the PLRA to 'properly exhaust.'" *Id.* "The PLRA requires exhaustion of 'such administrative remedies as are available,' 42 U.S.C. §1997 e(a), but nothing in the requirement imposes a 'name all defendants requirement.'" *Jones v. Bock*, ---Sct.---, 2007 WL 135890 (U.S.). As such, the Court cannot "simply conclude that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.*

In this case, Plaintiff has provided to the Court copies of the grievances, and the responses to them, concerning the denial of medication for his back pain.  But none of these documents specifically mention Defendants Kendig, Carlile, or Greenwood by name or title.  Dr. Richard C. Gamuac and Warden Rios are the only individuals identified by name in Plaintiff's grievances (*see* Plaintiff's Exhibit 4 to Amended Complaint).  As such, Plaintiff has failed to offer any evidence showing that he placed Defendants Kendig, Carlile, or Greenwood on fair notice of his claim against them or the nature of the claim during any of the three steps of the BOP administrative-grievance procedure.  Moreover, there is no showing that these three defendants had the opportunity to investigate the claim or resolve Plaintiff's complaint against them. As such, the Court finds that the Plaintiff is unable to demonstrate exhaustion of the

grievance procedure for his asserted claim against these particular defendants.  The Complaint, therefore, should be dismissed for failure to demonstrate exhaustion as to each of his asserted claim against Defendants Kendig, Carlile, and Greenwood. However, as discussed below, even if Plaintiff's claim were exhausted, and the Court liberally construes Plaintiff's grievances against these three defendants, he still would not be entitled to relief.

III.

Defendants Kendig, Carlile, and Greenwood first move to dismiss under Rule 12(b)(1).  Defendants assert the qualified immunity defense in response to Plaintiff's Eighth Amendment claim against them in their official and individual capacities.

As federal officials, defendants may be held individually liable for actions taken under color of federal authority.  *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971).  Under *Bivens* a plaintiff may not establish liability against a federal official in his official capacity.  *See Simmat v. United States Bureau of Prison*, 413 F.3d 1225, 1233-34 (10th Cir.2005).  Instead, an action against a federal official in his official capacity is construed as an action against the United States.  *See Farmer v. Perrill* 275 F.3d 958, 963 (10th Cir.2001).  And, a suit for damages against the United States is barred by sovereign immunity unless such immunity has been waived. *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir.1989).

Under *Bivens*, federal officials may be individually liable for constitutional violations performed under color of federal authority.  *Bivens*, 403 U.S. at 391. Qualified immunity is a defense to a *Bivens* action.  *Harlow v. Fitzgerald*, 457 U.S. 800,

5

818 (1982).  In *Harlow v. Fitzgerald*, the Court explained that qualified immunity shield government officials from liability for damages incurred in the performance of discretionary functions as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. Courts used an objective standard, evaluating the official's conduct in light of the state of the law at the time of the purported constitutional or statutory violation. *Id*. Qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200-01(2001)(quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Upon the Defendants' assertion of a qualified immunity defense, the Plaintiff has a two-part burden.  Plaintiff must come forward with facts or allegations that the Defendants' conduct were a violation of a clearly established constitutional or statutory right at the time of its occurrence, and that the violated right was "clearly established such that a reasonable person in the defendant's position would have known the conduct violated the right."  *Lawmaster v. Ward* 125 F.3d 1341, 1347 (10th Cir. 1997). But, as discussed below, Plaintiff has failed to show that Defendants Kendig, Carlile, and Greenwood violated any clearly established constitutional or statutory right.

IV.

Defendants Kendig, Carlile, or Greenwood also move to dismiss under Rule 12(b)(6).  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts well-pleaded factual allegations as true and resolves all

reasonable inferences in plaintiff's favor. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565. The court will not construct legal theories which assume facts that have not been pleaded, *see Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), and is not obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff proceeds *pro se*. *Pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A *pro se* litigant should be given a reasonable opportunity to remedy defects in his pleadings if his factual allegations are close to stating a claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be granted." *Id*. A court will not construct legal theories which assume facts that have not been pleaded, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The Eighth Amendment is violated when a prison official acts with "deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97,

7

104-106 (1976).  Deliberate indifference means that prison medical staff knew of the

inmate's serious medical need, but intentionally disregarded an excessive risk of harm

to the inmate, or that prison guards or medical staff intentionally prevented the inmate

from receiving prescribed treatment or intentionally delayed or denied him access to

medical care.  *Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976); *Farmer v. Brennan*, 511

U.S. 825,  837 (1994); *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir.

2000);*Oxendine v. Kaplan*, 241 F.3d 1272, 1279 (10th Cir. 2001).

A deliberate indifference claim involves both an objective and a subjective

component.  *Sealock*, 213 F.3d at 1209.  The objective component is satisfied when the

medical condition complained of is sufficiently serious, such that "it is one that has

been diagnosed by a physician as mandating treatment or one that is so obvious that

even a lay person would easily recognize the necessity for a doctor's attention."  *Hunt*

*v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)(quoting *Ramos v. Lamm*, 639 F.2d 559,

575 (10th Cir. 1980)).  "[Second], a prison official must have a sufficiently culpable state

of mind."  *Farmer*, 511 U.S. at  834. The subjective component is satisfied when the

plaintiff establishes that the "defendant(s) knew [plaintiff] faced a substantial risk of

harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'"

*Hunt,* 199 F.3d at 1224 (quoting *Farmer*, 511 U.S. at 847).  Prison officials show

deliberate indifference to serious medical needs where they deny, delay, or

intentionally interfere with necessary medical care.  However, no claim of constitutional

dimension is stated where a prisoner challenges only matters of medical judgment or

otherwise expresses a mere difference of opinion concerning the appropriate course of

8

treatment.  *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir.1992).

In this case, Plaintiff has failed to show that Defendants were deliberately indifferent to his medical needs.  Plaintiff alleges in his Complaint that Defendants Kendig, Carlile, or Greenwood deprived him of "lawfully prescribed medication" and told him that the medication for his back injuries was not available (*see* Plaintiff's Amended Complaint at 11).  A review of the record shows that Plaintiff was experiencing back and leg pains, and that he was proscribed Neurontin for his medical condition.  As such, it appears that the Plaintiff has satisfied the objective component.  However, Plaintiff has not shown that the subjective component has been met.  First, Plaintiff has not demonstrated that it was medically necessary for him to receive Neurontin specifically, and no other substitute comparable medication was sufficient for his medical condition.  Second, Plaintiff has not established that Defendant Kendig, Carlile, and Greenwood (individuals who were not mentioned in the grievance process) denied delayed, or intentionally interfered with Plaintiff's medical care.  Instead, the record reflects that Plaintiff was only denied his choice of Neurontin, a non-formulary medication, but he continued to receive Amitryptyline, a formulary medication which the BOP substituted for Nerontin.

The record further shows that prison officials were responsive to Plaintiff's needs.  In his March 14, 2005 inmate request, Plaintiff complained to Warden H.A. Rios, Jr. that the Neurontin was not provided to him.  Warden Rios responded that the staff pharmacist requested Nerontin, but his request was denied because Neurontin was not on the BOP formulary (Plaintiff's Exhibit 4 to Amended Complaint).  Plaintiff

was, however, provided Amitriptyline, a comparable medication, for his pain because that medication was available and was on the formulary.  Notably, the Warden's written response also referred to the dramatic improvement in Plaintiff's lower back pain.  The Warden further wrote that the Amitriptyline was discontinued because he stopped showing up for his medication. *Id.*

In the appeal to the North Central Regional Director Michael K. Nalley, Plaintiff specifically asks that the Nerontin prescription be renewed.  Just like the staff pharmacist before, the Regional Director's designee was also willing to provide the BOP National Drug Formulary medications, as deemed appropriate by medical personnel.  Plaintiff was also advised to "sign-up for sick call if your pain continues." *Id.*

Dissatisfied with the responses from Warden Rios and Regional Director Nalley, Plaintiff appealed at the national level, again alleging that he was denied Anitriptyline, his prescribed pain medication. *Id.*  In addressing his grievance, the Administrator for National Inmate Appeals, just like the responses of the staff pharmacist, Warden Rios, and Director Nalley, advised Plaintiff that Neurontin is not on the BOP's National Formulary, and as such, it would not be prescribed.  Instead, Plaintiff was again prescribed Anitriptyline, an alternative medication. *Id.*

These grievances and the other documents presented by Plaintiff only show that Plaintiff has repeatedly been provided medical care, including access to specialists.  The records do not show that Defendants Kendig, Carlile, or Greenwood (who are not mentioned at all in the three-step grievance process) specifically and deliberately ignored Plaintiff's need for immediate medication.  Nor does the record reflect that

10

these defendants delayed his access to medical care.  A delay in providing medical treatment is not actionable unless it is occasioned by "deliberate indifference which results in substantial harm." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(internal citation omitted); *see also Sealock*, 218 F.3d at 1210 ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm").  The substantial harm requirement may be satisfied by allegations of a lifelong handicap, permanent injury or loss, or "considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)(citing *Oxendine*, 241 F.3d at 1278). Here, Plaintiff has shown no such harm.  Plaintiff was only denied his medication of choice.  It bears repeating, no claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses a mere difference of opinion concerning the appropriate course of treatment.  *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir.1992).

To sum up, Plaintiff's claim fails to rise to the level of a federal constitutional violation.  At most, the facts establish nothing more than a mere disagreement with the medication provided.  Accordingly, I recommend a finding that there was no evidence in the record showing that Defendants Kendig, Carlile, and Greenwood were deliberately indifferent to his medical needs.  Therefore, Defendants Motion to Dismiss should be granted and this action must be dismissed for failure to state a claim.

V.

For the reasons set forth above, it is

**RECOMMENDED** that the March 9, 2006 Motion to Dismiss filed by Defendants

11

Robert Carlile, Marie Greenwood and Newton E. Kendig [doc. # 35] be **GRANTED**.

**FURTHER ORDERED** that Plaintiff's May 11, 2006 Motion to Strike [doc. #48]
shall be **DENIED** as <u>moot</u> based on the above recommendation.

**FURTHER ORDERED** that Plaintiff's September 13, 2006 Motion to Fast-Track
Case [doc. #55] shall be **DENIED** as <u>moot</u> based on the above recommendation.

**FURTHER ORDERED** that Defendants' September 21, 2006 Motion to Stay
Discovery [doc. #60] shall be **DENIED** as <u>moot</u> based on the above recommendation.

**Within ten days after being served with a copy of the proposed findings
and recommendation, any party may serve and file written objections to the
proposed findings and recommendation with the Clerk of the United States
District Court for the District of Colorado.  The district court judge shall make a
determination of those portions of the proposed findings or specified
recommendation to which objection is made.  The district court judge may
accept, reject, or modify, in whole or in part, the proposed findings or
recommendations made by the magistrate judge.  The judge may also receive
further evidence or recommit the matter to the magistrate judge with instructions.
Failure to make timely objections to the magistrate judge's recommendation may
result in a waiver of the right to appeal from a judgment of the district court
based on the findings and recommendations of the magistrate judge.**

Dated January 31, 2007.

BY THE COURT:

s/ O, Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge