IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01778-REB-PAC

GEORGE E. FLORENCE,

    Plaintiff,

v.

NEWTON E. KENDIG,
R. CARLILE, and
B. GREENWOOD,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the recommendations of the Magistrate Judge contained in the **Order and Recommendation of United States Magistrate Judge** [#67], filed January 31, 2007. The Magistrate Judge recommends that **Defendants Kendig, Carlile, and Greenwood's Motion To Dismiss** {#35], filed March 9, 2006, be granted. The plaintiff, George Florence, has filed an objection to the recommendation, *see* [#68], filed February 12, 2007.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the objection, and the applicable case law. In addition, because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Hall v.**

**Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  Generally, the recommendation is detailed and well-reasoned.  Although I disagree with two portions of the Magistrate Judge's analysis, I agree with the Magistrate Judge's conclusion that the plaintiff's complaint must be dismissed for failure to state a claim on which relief can be granted.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

As the Magistrate Judge noted in his recommendation, the United States Supreme Court recently clarified the landscape concerning the statutory requirement that prison inmate plaintiffs exhaust available administrative remedies before filing a lawsuit concerning prison conditions.  **Jones v. Bock**, ___ U.S. ___, 127 S.Ct. 910 (2007).  The Court held in **Bock** that the exhaustion requirement stated in 42 U.S.C. § 1997e(a) is not a pleading requirement, but rather an affirmative defense.  **Bock**, 127 S.Ct. at 921-922.   The Magistrate Judge noted also the conclusion of the **Bock** court that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."  *Id*. at 923.

The defendants' motion to dismiss, which was filed before the **Bock** opinion was issued, seeks dismissal of Florence's complaint because Florence has not demonstrated that he fully has exhausted the available administrative remedies.  *Motion to Dismiss* [#35], pp. 7 - 9.  After **Bock**, a prison inmate plaintiff does not carry the burden to plead or otherwise demonstrate exhaustion in his complaint.  The Magistrate Judge concluded that the plaintiff's complaint should be dismissed because, considering the administrative remedy documents submitted by the plaintiff, the plaintiff has "fail(ed) to demonstrate exhaustion" as to each of his claims against the named defendants.  After **Bock**, dismissal of a complaint under F<small>ED</small>. R. C<small>IV</small>. P. 12 based on a plaintiff's failure to demonstrate exhaustion in the Complaint is not proper.  Again, the

exhaustion requirement stated in 42 U.S.C. § 1997e(a) is not a pleading requirement, but rather an affirmative defense.  In this case, resolution of the factual issues inherent to this affirmative defense is not appropriate in the context of a motion to dismiss under FED. R. CIV. P. 12.  On this basis, I reject the Magistrate Judge's conclusion that Florence's Complaint should be dismissed based on Florence's failure to demonstrate, in his complaint, exhaustion of administrative remedies concerning his claims.

### FAILURE TO STATE A CLAIM

However, I agree with the Magistrate Judge's conclusion that the facts alleged in the plaintiff's complaint, if true, do not state a claim on which relief can be granted under § 1983.  Simply put, assuming the facts alleged in the complaint to be true, those facts do not support a claim against the defendants under the Eighth Amendment.  The facts alleged in the complaint establish nothing more that a disagreement concerning the particular pain medication to be provided to the plaintiff.  Such a disagreement does not constitute deliberate indifference to the plaintiff's serious medical needs.

In the context of the dismissal of the plaintiff's complaint for failure to state a claim on which relief can be granted, however, I reject the Magistrate Judge's recommended finding "that there was no evidence in the record showing that Defendants Kendig, Carlile, and Greenwood were deliberately indifferent to (the plaintiff's) medical needs." *Recommendation*, p. 11.  Under FED. R. CIV. P. 12(b)(6), the relevant standard is the adequacy of the plaintiff's pleading, and not the adequacy of the plaintiff's evidence.  Here, the plaintiff's pleading is not adequate to state an Eighth Amendment claim.

**QUALIFIED IMMUNITY**

Absent allegations that support an Eighth Amendment claim, the defendants are entitled to qualified immunity because the plaintiff has not alleged that the defendants violated any clearly established constitutional or statutory right.  When a plaintiff's allegations do not state a claim for violation of a clearly established right, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.  ***Behrens v. Pelletier***, 516 U.S. 299, 306 - 307 (1996) (quoting ***Mitchell v. Forsyth***, 472 U.S. 511, 526 (1985)).  When a defendant asserts qualified immunity, the plaintiff must come forward with facts or allegations indicating that the defendant's conduct was in violation of a clearly established constitutional or statutory right.  I agree with the conclusion of the Magistrate Judge that the plaintiff has not met this burden by alleging facts which indicate that the defendant's actions violated clearly established law.  Thus, the plaintiff's complaint is subject to dismissal for failure to state a claim on which relief can be granted based on the defendants' qualified immunity.

**THEREFORE, IT IS ORDERED** as follows:

1. That the recommendations of the Magistrate Judge contained in the **Order and Recommendation of United States Magistrate Judge** [#67], filed January 31, 2007, are **REJECTED** to the extent the Magistrate Judge recommends that the plaintiff's claims be dismissed based on the plaintiff's failure to demonstrate, in his complaint, that he has fully exhausted available administrative remedies;

2. That the recommendations of the Magistrate Judge contained in the **Order and Recommendation of United States Magistrate Judge** [#67], filed January 31, 2007, are **REJECTED** to the extent the Magistrate Judge recommends that the plaintiff's complaint be dismissed under FED. R. CIV. P. 12(b)(6) based on a lack of

evidence in the record;

    3.  That otherwise the recommendations of the Magistrate Judge contained in the **Order and Recommendation of United States Magistrate Judge** [#67], filed January 31, 2007, are **APPROVED AND ADOPTED** as an order of this court;

    4.  That **Defendants Kendig, Carlile, and Greenwood's Motion To Dismiss** {#35], filed March 9, 2006, is **GRANTED** on the bases stated in this order;

    5.  That the plaintiff's claims against the three defendants remaining in this case, Newton Kendig, R. Carlile, and B. Greenwood, are **DISMISSED** under FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted; and

    6.  That this case is **CLOSED**.

    Dated February 23, 2007, at Denver, Colorado.

                                  **BY THE COURT:**

                                  **s/ Robert E. Blackburn**
                                  **Robert E. Blackburn**
                                  **United States District Judge**